**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNUSSUN GADSDEN,<br><br>    Petitioner,<br><br>  vs.<br><br>D.K. SISTO, Warden,<br><br>    Respondent. | No. C 06-06408 JW (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docket Nos. 4 & 5) |

Petitioner, a California state prisoner currently incarcerated at the Solano State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner was convicted by a jury in Superior Court for the State of California in and for the County of Santa Clara of kidnapping for robbery, second degree robbery, carjacking, making criminal threats, and criminal flight. Petitioner was sentenced to a term of seven years to life in state prison. The California Court of Appeal affirmed, and the Supreme Court of California denied a petition for review. Thereafter, petitioner filed unsuccessful habeas petitions in all three levels of the California courts.

**DISCUSSION**

A. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner raises four claims: 1) the exclusion of impeachment evidence violated his rights under the Confrontation Clause; 2) he received ineffective assistance of appellate counsel, in violation of his right to due process; 3) the prosecutor committed misconduct, in violation of petitioner's right to due process; and 4) there was insufficient evidence to support the kidnapping for robbery conviction, in violation of petitioner's right to due process. Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to

Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may, within **sixty (60) days** of the issuance of this order, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED: July 19, 2007

JAMES WARE
United States District Judge

Order to Show Cause
N:\Pro - Se\7.27.2007\06-06408 Gadsden06408_osc.wpd        3